IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH GOLDSMITH, | ) | |
|     Plaintiff, | ) | No. 2:16-cv-01362-MRH |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| FREDERICK BAER GOLDSMITH, et al., | ) | |
|     Defendants. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT CITY OF PITTSBURGH'S MOTION TO DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

Defendant City of Pittsburgh files this Brief in support of its Motion to dismiss all claims against it in the Complaint, and in support thereof states as follows.

**I.   Introduction**

On August 29, 2016, Plaintiff Kenneth Goldsmith filed this *pro se* action against four Defendants: the City of Pittsburgh; Sgt. James A. Togyer, a Pittsburgh police officer; Ms. Norma Peters, who allegedly served as maid to Plaintiff's late father; and Plaintiff's brother, Frederick B. Goldsmith—whom Plaintiff describes as "Lucifer in the flesh on this good Earth." ECF No. 1 at 3. The Complaint accuses Plaintiff's brother of conspiring with Sgt. Togyer and the City in furtherance of a "sinister scheme to extort and exact a withdrawal of Plaintiff's Petition for a Citation for an Accounting pending in the Allegheny County Orphans' Court." *Id*. at 18.

As the Complaint alleges, there appears to be a considerable history of family discord predating this lawsuit. The specific incidents alleged by the Complaint concern a report to the police that, on April 1, 2014, Plaintiff trespassed at his mother's residence and stole a cell phone. *Id*. at 10. On April 6, 2014, the Complaint alleges that Sgt. Togyer "falsely filed" a criminal complaint against Plaintiff, which "directly caused a Constitutional deprivation." *Id*. at 12. A few days later, on or about April 9, 2014, Plaintiff was located at the City-County Building and

1

arrested.[1] *Id*. at 13. Ultimately, at Plaintiff's preliminary hearing on August 27, 2014, the charges were dismissed. *Id*. at 16-17.

Nothing in the 44-page Complaint provides a basis to maintain a *Monell* claim against the City based on a plausible municipal policy or custom that allegedly caused Plaintiff's injuries. (In addition, Plaintiff faces a statute-of-limitations bar for all of his claims as pled, with the sole possible exception of his malicious prosecution claim.[2]) Plaintiff's Count VI for intentional infliction of emotional distress is barred as against the City by the Political Subdivision Tort Claims Act. Therefore, the City respectfully requests that the Court dismiss all claims against it with prejudice, as there are no grounds to believe that an amendment could cure these legal flaws.

II. **Standard of Review**

A complaint must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] Police reports not yet in the record reflect, among other things, that car keys were also reported missing at the house and that Plaintiff's arrest occurred on April 8, 2014—not April 9 as alleged in the Complaint. Regarding the other Defendants in this action, counsel for City understands that Sgt. Togyer will be responding to the Complaint following a waiver of the service of summons; counsel does not have knowledge about the status of service on the other Defendants.

[2] The U.S. Supreme Court is currently considering whether a so-called "malicious prosecution" claim brought under Section 1983 is governed by the Fourth Amendment or the due process clause of the Fourteenth Amendment. *See Manuel v. City of Joliet*, No. 14-9496. The Court's ruling may affect when the statute of limitations on such a claim begins to run. *See* Rory Little, Argument preview: Does the Fourth Amendment govern a "malicious prosecution" claim, and if so, how?, SCOTUSblog (Sep. 28, 2016, 3:24 PM).

accusation." *Id.* at 210-11; *see also Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011) ("The Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint."). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**III.   Argument**

The Complaint brings claims in six counts: (1) under 42 U.S.C. § 1983, alleged violation of Plaintiff's rights under the First, Fourth, Fifth and Fourteenth Amendments; (2) under 42 U.S.C. § 1983, alleged malicious prosecution in violation of "substantive and procedural due process and the Fourth Amendment," ECF No. 1 at 25; (3) under 42 U.S.C. § 1983, false arrest, false imprisonment, illegal detention in violation of Plaintiff's Fourth Amendment rights, *id.* at 18; (4) a *Monell* claim for "[f]ailure to train, and supervise; customs patterns and practices in violation of the Fourth, Fifth and Fourteenth Amendments," *id.* at 19; (5) civil conspiracy, *id.* at 21; and (6) intentional infliction of emotional distress, *id.* at 23.[3]

Plaintiff has filed *pro se* and has paid the requisite filing fee, thus escaping Court review of his Complaint for potential dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. However, while the City recognizes that Plaintiff is not represented by counsel, "[a] *pro se* plaintiff . . . is still required to adhere to standard rules of civil procedure." *Brock v. Allegheny Cnty. Dist. Attorney Office*, No. 12-0914, 2013 WL 3989452, at *3 (W.D. Pa. Aug. 2, 2013) (citing *McNeil v.*

---

[3] 42 U.S.C. § 1983 provides in relevant part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The City respectfully submits that the claims against it are legally insufficient, and that granting Plaintiff leave to amend would be a waste of time and unjust. The City therefore requests that the Court dismiss the Complaint with prejudice against it.

### A. Plaintiff has failed to identify any alleged policy or custom that caused his alleged injuries, as required of a *Monell* claim.

Plaintiff's claims against the City are without merit and should be dismissed. The Complaint fails to identify any alleged policy or custom of the City of Pittsburgh at issue in this case that caused his alleged injuries, as required to state a claim for municipal liability under 42 U.S.C. § 1983. Instead, Plaintiff's claims against the City rely on nothing more than the same kind of conclusory, "bare-bones" allegations found to be without merit by the U.S. Supreme Court, the Third Circuit, and this Court—which cannot justify submitting the City to the burdens of litigation and the discovery process.

The blackletter law of municipal liability under *Monell* is as follows. While a municipality may be held liable under certain circumstances as a "person" under 42 U.S.C. § 1983, "local governments are responsible only for "'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembauer v. Cincinnati*, 475 U.S. 469, 479 (1986)); *see Monell v. New York Dep't of Social Servs.*, 436 U.S. 658 (1978). Municipal liability cannot be premised merely on the fact that the municipality employed the governmental official in question — i.e., the doctrine of respondeat superior. *See Connick*, 563 U.S. at 62; *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). Instead, a municipality is liable under § 1983 only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694. "The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the

4

municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembauer*, 475 U.S. at 479. Moreover, a plaintiff must allege and prove a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). "A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivation occurred." *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997).

At a minimum, Plaintiff is required to identify the policy or custom of the municipality that allegedly resulted in the constitutional violation. *Monell*, 436 U.S. at 690-91. A municipal policy is deemed to have been made when a decisionmaker issues an official decision or proclamation. *Pembauer*, 475 U.S. at 481. A municipal custom only rises to the level of an official policy where the plaintiff shows a "permanent and well settled" course of conduct, *Monell*, 436 U.S. at 691, consisting of "practices so persistent and widespread as to practically have the force of law," *Connick*, 131 S. Ct. at 1359.

In this case, with respect to allegations about the City's supposed liability, the only allegations against the City of Pittsburgh (named in the case caption as "City of Pittsburgh, Department of Public Safety") are boilerplate legal conclusions.[4] For example, Plaintiff alleges that Defendants "were moving forces behind Plaintiff's emotional injuries and loss of reputation," ECF No. 1 at 23, and that "Defendant Togyer and the Defendant City of Pittsburgh by and through

---

[4] The City's Department of Public Safety cannot be sued as a separate entity. "In a section 1983 action, police departments and other departments of a municipality are not separate legal entities from the municipality and cannot, therefore, be sued separately." *Neil v. Allegheny Cnty*., No. 120348, 2012 WL 3779182, at *1 (W.D. Pa. Aug. 31, 2012).

its Department of Public Safety Bureau of Police, have created and tolerated an atmosphere of lawlessness . . . and furthermore failed to properly train and supervise its officers in a manner tantamount to deliberate indifference to the guaranteed constitutional rights and privileges of Plaintiff – and of the public at large," *id*. at 31. Plaintiff has not identified any specific municipal policy or custom at issue, nor has he provided any factual allegations that any such policy or custom caused Plaintiff's alleged injuries. *See also Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004) (proving deliberate indifference "typically requires proof of a pattern of underlying constitutional violations"); *Wilson v. Cook Cty.*, 742 F.3d 775, 780 (7th Cir. 2014) (Although there are no "brightline rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice.").

Courts routinely dismiss such threadbare complaints. *See Detar v. Metting*, No. 14-1600, 2015 WL 3457499, at *2 (W.D. Pa. May 29, 2015) (dismissing *pro se* claim against the City of Pittsburgh because "the Complaint fails to set forth any plausible basis to conclude that there was a municipal custom, policy, or practice, generally applicable, that resulted in a Constitutional deprivation under color of state law of a right or rights of the Plaintiff"); *Ellis v. Regan*, No. 14-0004, 2014 WL 5092757, at *8 (W.D. Pa. Oct. 10, 2014) (dismissing *pro se* claim against the City of Pittsburgh because "this Court agrees with Defendants that no matter how liberally the Amended Complaint is read, it lacks any allegations concerning a 'permanent and well settled' course of conduct, *Monell*, 436 U.S. at 691, consisting of 'practices so persistent and widespread as to practically have the force of law.' *Connick* [*v. Thompson*, 131 S. Ct. 1350, 1359 (U.S. 2011)]. These elements must be pled with specificity so as to establish that a 'municipal custom' existed and rose to the level of an 'official policy.'"); *Butler v. City of Philadelphia*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013) (dismissing lawsuit against city because "Plaintiff's

6

complaint is completely devoid of any factual allegations relating to the City or any policy, practice or custom that caused the alleged [a] deprivation of his constitutional rights.").

Having failed to identify any alleged municipal policy or custom at issue or any lack of training or deliberate indifference on the City's behalf, Plaintiff has *a fortiori* failed to allege "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton*, 489 U.S. at 385. All claims against the City of Pittsburgh must therefore be dismissed.

### B. Even if Plaintiff had successfully alleged *Monell* liability, Plaintiff's claims against the City (except possibly the claim for malicious prosecution) are time-barred.

Because the Complaint is subject to dismissal as explained above, the Court need not find that Plaintiff's claims are time-barred. But the City notes that Plaintiff's claims face a significant obstacle in the statute of limitations. In general, the statute of limitations for Section 1983 actions brought in this Court is two years, as borrowed from Pennsylvania state law. *See Smith v. City of Pittsburgh*, 764 F. 2d 188, 194 (3d Cir. 1985) (citing 42 Pa. Cons. Stat. § 5524); *see also* ECF No. 1 at 7 (alleging: "The statutory limitation for damages, as set forth in this 42 U.S.C. § 1983 Complaint now at instant issue in the Commonwealth of Pennsylvania is two years, 42 Pa. C. S. § 5524."). A claim accrues when the plaintiff has a complete and present cause of action, or when the plaintiff can file suit to obtain relief. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). This means that accrual can occur as of the time the allegedly wrongful conduct occurred. *Id.* Therefore, Plaintiff's § 1983 claims against the City based on allegedly wrongful conduct leading up to and including his arrest—as expressed in Counts I, III, IV, and V—would have accrued on April 9, 2014, at the latest. Those same claims are therefore time-barred because Plaintiff failed to file them

on or before April 9, 2016—more than three months before Plaintiff filed this Complaint. For this additional reason, these claims are also subject to dismissal.[5]

### C. Plaintiff's state-law claim against the City of Pittsburgh in Count VI is barred by the Political Subdivision Tort Claims Act.

Under Pennsylvania's Political Subdivision Tort Claims Act, "no local agency [i.e., a municipality] shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person," 42 Pa. Cons. Stat. § 8541, save for limited exceptions for certain "negligent acts" enumerated in Section 8542(b). However, such exceptions do not extend to "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." *Id*. § 8542(a)(2). Thus, a municipality cannot be held liable for a claim of intentional infliction of emotional distress. *See, e.g.*, *Agresta v. City of Philadelphia*, 694 F. Supp. 117, 123 (E.D. Pa. 1988) ("As we read the pendent state law claims in the complaint, it would appear that the plaintiff is bringing tort actions based on false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, and assault and battery. As far as the City of Philadelphia is concerned, it is immune from suit for the plaintiff's state law claims.") (footnote omitted); *see also Beard v. Borough of Duncansville*, 652 F. Supp. 2d 611, 628 (W.D. Pa. 2009) ("In the instant case, the Beards sue only a municipality, which is immune from the intentional torts of its employees."). Thus, Counts VI against the City must be dismissed for this reason as well.

---

[5] Plaintiff's claim for malicious prosecution may survive the statute of limitations because Plaintiff filed on the last possible day. A claim for malicious prosecution has been held to accrue when "the criminal proceeding ended in the plaintiff's favor." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009). If the malicious prosecution claim accrued on August 27, 2014, then the statute normally would have run on August 27, 2016—however, because August 27, 2016 fell on a Saturday, then under Fed. R. Civ. P. 6, the deadline was extended to Monday, August 29, 2016. In any event, the City reserves the right to raise the statute of limitations as a bar to any malicious prosecution claim as well.

## IV. Conclusion

For the foregoing reasons and for the reasons stated in its Motion, the City of Pittsburgh respectfully requests that the Court dismiss all claims against it with prejudice.

                                                    Respectfully submitted,

                                                    LOURDES SÁNCHEZ RIDGE
                                                     City Solicitor

                                                  s/ Matthew S. McHale, Esq.
                                                  Matthew S. McHale, Esq.
                                                  Associate City Solicitor
                                                  414 Grant Street
                                                  Pittsburgh, PA 15219
                                                  (412) 255--2015
                                                  matthew.mchale@pittsburghpa.gov
                                                  PA ID No. 91880
                                                  *Counsel for Defendant City of Pittsburgh*