IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION


Kenneth Goldsmith,                                          Case No. **2:16-cv-01362-MRH**

        Plaintiff, *in propria persona*,


        **v.**


**FREDERICK BAER GOLDSMITH, ESQ.**,
        Individually,
        and under color of state law,


SERGEANT JAMES A. TOGYER,
        Individually,
        and in his Official Capacity,

CITY OF PITTSBURGH, DEPARTMENT OF PUBLIC SAFETY,
        As Municipal Defendant,

NORMA PETERS,

        Defendants.

_____

*PLAINTIFF PRO SE'S EXIGENT MOTION FOR AN ADDITIONAL ENLARGEMENT OF TIME TO FILE AND TO SERVE AMENDED COMPLAINT, PURSUANT TO F.R.C.P. 6(b)(1).*

**AND NOW,** comes Movant – Petitioner - Plaintiff, *in propria persona,* and in support of this Motion for an Enlargement of Time to file and to serve an Amended Complaint, pursuant to this Court's 6/26/17 Order, herein; avers the following:

On 5/26/17, this Honorable Court Ordered this *pro se* Plaintiff to file an Amended Complaint by 6/26/17, involving four (4) defendant parties - after significantly constricting the contours his Complaint, and under dispositive consequence of termination and dismissal of his U.S.C. 42 § 1983 Civil Rights Complaint, with fatal permanent prejudice should this *pro se* Plaintiff not meticulously adhere to heightened pleading requirements, as set forth by *Ashcroft v. Iqbal* and in *Bell Atlantic Corp. v. Twombly.*

Plaintiff *pro per* hereby respectfully requests an additional 60-days' time within which to file and revise his case-critical Amended Complaint, for the following valid reasons:

On 5/27/17, essentially contemporaneous with – and, again in apparent retaliation for this Honorable Court's grant of Plaintiff's 5/26/17 dispositive Order, Defendant Attorney Frederick Baer Goldsmith, Esq., as is his standing – and illegal - litigation tactic: signed, verified and interposed yet another *second* [thus far] outrageously contumacious collateral State Court attack on this Plaintiff - and on Plaintiff's Mother – the latter who, pertinently and pointedly, is putatively prospectively, also a case-critical essential fact

witness to Defendant Attorney Frederick Baer Goldsmith, Esq.'s conduct in this matter now instantly at bar.  Specifically, pursuant to this Court's direction during the denied 4/7/17 Telephonic Conference, suggesting the possible filing of an action in the Orphans' Court Division of the Pennsylvania Fifth Judicial Division: Defendant Attorney Frederick Baer Goldsmith, Esq. has now, in fact, pressed an *Emergency Incompetency* and Guardianship Proceeding against his own Mother that very Orphans' Court Division.

Specifically, and with particularity, Defendant Attorney Frederick Baer Goldsmith, Esq. has pressed against his own Mother, a viciously despicable and devoid of any merit action captioned as "Orphans' Court Division Case No. 02-17-03276", which is a Petition for the Appointment of an Emergency Guardian for Lillian Hyman Goldsmith, "an alleged incapacitated person".  Defendant Attorney Frederick Baer Goldsmith, Esq. knows intimately and irrefutably that in no way is his Mother Lillian Hyman Goldsmith "an incapacitated person".  His purpose in pressing such a putrid proceeding, consistent with his practice, includes punishing her for her writing which was included in the 4/7/17 Emergency Petition; which writing / Exhibit, in his Mother's own *handwriting*, Defendant Attorney Frederick Baer Goldsmith, Esq., without benefit of the record, testified under Oath directly to this Court: was a "forgery".  Plaintiff *ipse* is not only named in Defendant Attorney Frederick Baer Goldsmith, Esq.'s Emergency Petition as a "Party of Interest"; but is facially, factually – and farcically essentially alleged, *ad seriatim* and *ad nauseum* to also be a primary reason for Petitioner / Defendant Attorney Frederick Baer

Goldsmith, Esq. demanding that the Administrative Judge of the Orphan's Court Division of the Allegheny County Court of Common Pleas declare his [and Plaintiff's] Mother as an _incompetent_ - and therefore, to be a Ward of the State [Commonwealth]. Moreover, Defendant Attorney Frederick Baer Goldsmith, Esq. is demanding that he, himself, be anointed – and absolutely against her will – as her Plenary Guardian to prevent any pesky testimonial participation from her in this matter now before this Court, and also as palpable retaliation against his own Mother for her handwritten document provided as exhibit to this Court.

Defendant Attorney Frederick Baer Goldsmith, Esq.'s 's putrid and poisonous "Emergency Guardianship" proceedings have, to date, incurred [preparation for] three exhaustive separate formal Orphans' Court Hearings, two depositions, and extensive time-consuming consultations with this instant Plaintiff's Court-appointed Counsel – as a party-of-interest in that Court's proceedings.  Petitioner has furthermore been advised that apparently there are initially upcoming Hearings just scheduled for 7/5/2017 and 7/8/17.  Additionally, there is to be a scheduled deposition of a Court-ordered independent medical examination of Plaintiff's Mother to be attended by this Plaintiff. As a material party-in-interest [Son – in opposition] there, Plaintiff here, has not yet had opportunity to testify, or to put forward rebuttal witnesses or expert testimony in opposition to Defendant Attorney Frederick Baer Goldsmith, Esq.'s evil, hateful and satanic inquisition and attack against his own Mother.

Within the poisonous petition in the State Court, Defendant Attorney Frederick Baer Goldsmith, Esq. gratuitously and perfectly correctly, prospectively posits that this Plaintiff, ["party in interest", there] is expected to "vigorously oppose" Defendant Attorney Frederick Baer Goldsmith, Esq.'s disgustingly deceitful and knowingly false attack on his own Mother, and to attempt to have her declared as an "incompetent". As that Petition states: "Based on the total inability of Lillian Hyman Goldsmith to receive and evaluate information effectively, and to make or communicate decisions, a Permanent Plenary Guardian of her Person and Estate is required"; and yet furthermore his Mother is to be "adjudged a totally incapacitated person as to her person and estate and that Frederick Baer Goldsmith and Malcolm Goldsmith II be appointed the Permanent Plenary Co-Guardians of the Person and of the Estate of LILLIAN HYMAN GOLDSMITH, an incapacitated person."

Referencing Plaintiff's Mother's _True_ and _Correct_ Writing attached as Exhibit to this Plaintiff's Emergency Petition before this Court, Defendant Attorney Frederick Baer Goldsmith, Esq. further pleads in his _Verified_ Petition in the State Court, that: due to Mother/Witness' "weakened memory and judgment", as specifically pertains, with particularity, to _Plaintiff_, she somehow, must therefore now be "adjudged a totally incapacitated person as to her person and estate and that Frederick Baer Goldsmith … be appointed the Permanent Plenary Co-Guardians of the Person" of his Mother – to prevent her, due to her falsely alleged "total incapacitation", from any further inculpatory

"participation" as a witness in this Federal Civil Rights Action now instantly before this Honorable and Wise District Court.

Thereby, thus far, Defendant Attorney Frederick Baer Goldsmith, Esq., an Officer of this very Court, has stolen and purposely and premeditatedly spoliated case-critical evidentiary documentation, business records including *indicia* of ownership of trade property, and extensive proprietary legal research and preliminary drafts of this instant Complaint now before the Court; and is now clearly and egregiously engaging in an illegal overt act of knowing and willful witness tampering – including that of Defendant Norma Peters – all in an illegal continuing course of conduct by Defendant Attorney Frederick Baer Goldsmith, Esq. to retaliate, subvert and obstruct the ability of this *pro se* Plaintiff to proceed with presentment of his meritorious Civil Rights Action before this Court.

Among the scurrilous detritus presented during the State [Orphans'] Court Hearings instituted by Defendant Attorney Frederick Baer Goldsmith, Esq., and his Co-conspirators and Co-Petitioners Malcolm "Smitty" Goldsmith, and Mildred Baer Goldsmith palley; testimony was adduced from a Municipal Defendant Pittsburgh Bureau of Police Senior Command Supervisor and Zone Commander.

Defendant Attorney Frederick Baer Goldsmith, Esq., acting under color of state law, in this instant Civil Rights action – and as Co-Petitioner in the state court proceedings; upon cross-examination by this *pro se* Plaintiff, material testimony was adduced pertaining to his intimate involvement and personal presence at yet another false arrest and false imprisonment by the Municipal Defendant City of Pittsburgh Bureau of Police, occurring on Friday 1/13/17.

Defendant Attorney Frederick Baer Goldsmith, Esq., once again acting under color of state law, was also again personally present and intimately involved during an additional recent false arrest, false imprisonment and malicious prosecution, occurring on 3/21/17, Plaintiff's Mother's 65th Wedding Anniversary – on which important occasion Defendant Attorney Frederick Baer Goldsmith, Esq., parenthetically, never even bothered to acknowledge to his own Mother.

At the referenced Orphans' Court Hearing on 6/8/17, upon Cross-examination by Plaintiff of Defendant Attorney Frederick Baer Goldsmith, Esq., it is firmly believed that Defendant Attorney Frederick Baer Goldsmith, Esq.– an Officer of that Court – and of this Honorable Court: materially, intentionally and knowingly perjured himself – thereby a clear and present overt act of *crimen falsi* pertaining to false statements.

Plaintiff – Petitioner prays for additional time to also attempt to obtain a transcript of all those proceedings – and of the final Hearing, said record not having yet been

transcribed – despite prior request to Counsel.  Upon inquiry and belief, and thereby it is averred, the Court Reporter may be taking a brief Summer Sojourn, thereby further delaying production of the Transcript at instant issue, containing Defendant Attorney Frederick Baer Goldsmith, Esq.'s testimonial perjury – and partial additional reason for this request for a *60*-day enlargement of time for filing Plaintiff's Amended Complaint.

Furthermore, the scandalous and scurrilous *averments* within the Orphans' Court "Emergency Petition" which the Officer of *this* Honorable Court "verified" by signature under penalty of false statements, pursuant to 18 Pa. C.S.A. § 4904 – are also patently and very knowingly, "false statements".

Plaintiff – Petitioner has also been informed by his Court-appointed Counsel, that Defendant Attorney Frederick Baer Goldsmith, Esq. and his Co-conspirator / Co-Petitioner Malcolm "Smitty" Goldsmith, has apparently also been recording Plaintiff's confidential telephonic communications with his Mother – in frank violation of the Pennsylvania Wiretap Act, 18 Pa. C.S.A. § 5701 *et seq.*; and his Right to Privacy consistent with his Constitutional 4th Amendment guarantees - as expressly provided by Congressional intent, and codified by Federal Statute: specifically, the Federal Wiretap Act, the Electronic Communications Privacy Act 18 U.S.C. § 2510, *et seq.*, and as amended by Title I of the ECPA.

Defendant Attorney Frederick Baer Goldsmith, Esq.'s Mother Lillian Hyman Goldsmith has recently and in-person at the Zone 4 Police Station, filed a Criminal Felony Report with Municipal Defendant City of Pittsburgh Bureau of Police, against Defendant Attorney Frederick Baer Goldsmith, Esq.  Defendant's Mother has also had numerous recent follow-up conversations with Detectives in the Investigations Bureau of the City of Pittsburgh Police Headquarters, pertaining to Defendant Attorney Frederick Baer Goldsmith, Esq.'s egregious criminal conduct.

Defendant's Mother has also personally contacted and had frequent conversations with Prosecutors in the Elder Abuse Division of the Allegheny County District Attorney's Office pertaining to criminal fraud, defalcation, and to financial and emotional exploitation by Defendant Attorney Frederick Baer Goldsmith, Esq. against her - and astonishingly, as her putative Power of Attorney.

Defendant Attorney Frederick Baer Goldsmith, Esq.'s Mother Lillian Goldsmith, has additionally personally met and subsequently filed formal papers for initiating and prosecuting a Private Criminal Complaint against Defendant Attorney Frederick Baer Goldsmith, Esq.'s criminal conduct with the Allegheny County District Attorney's Office.

Defendant Attorney Frederick Baer Goldsmith, Esq.'s Mother has also on numerous occasions recently contacted the Office of Disciplinary Counsel of the Supreme Court of Pennsylvania [a mere four floors below the Orphans' Court] regarding Defendant

Attorney Frederick Baer Goldsmith, Esq.'s outrageously illegal conduct; said outrageous conduct in full frontal attack not only against his Mother – but also a frank attack against the Pennsylvania Rules of Professional Conduct [an inescapable and inevitable referral action, respectfully, which this Honorable Court has, thus far, deferred – despite notice].

Additionally, Defendant Attorney Frederick Baer Goldsmith, Esq.'s own Mother Lillian Goldsmith, has herself consistently, adamantly, vehemently and repeatedly repudiated and disavowed the "Approval of Disposition" writing which Defendant Attorney Frederick Baer Goldsmith, Esq. introduced and read into the record at the Emergency Hearing of 4/7/17.

[Without benefit of the Record] This Learned Court is also requested to take Judicial Notice that Defendant Attorney Frederick Baer Goldsmith, Esq., under oath, attempted to state directly to *this* Court, that said Exhibit attached thereto Plaintiff's Emergency Petition and in Defendant Attorney Frederick Baer Goldsmith, Esq.'s own Mother's *handwriting* - was a possible "forgery".

There is absolutely no prejudice – nor even any inconvenience - whatsoever to any defendant by grant of an additional enlargement of time to file Plaintiff *pro se's* Amended Complaint – any such prejudice and peril is suffered *only* by this Plaintiff party.

While Plaintiff, *pro per* has previously applied for an extension of time to file the Amended Complaint; the collateral "Emergency Guardianship Petition" proceeding in the State Court was not merely only an unforeseen circumstance – but said action was premeditatedly, purposely and intendedly interposed *specifically* for the very reason of <u>obstructing</u> this Plaintiff's ability, and the appreciated opportunity of preparing and timely filing his Amended Complaint.  As if this *pro se* Plaintiff is now to be trapped in Defendant Attorney Frederick Baer Goldsmith, Esq.'s  Faustian Bargain of having to choose between his passion to present a viable Amended Civil Rights Complaint before this very precise, Learned and Honorable Federal District Court, on the one hand; or to protect his Mother from the fatally predatory and destructive attack against *all* of *her* Constitutional guarantees– including protection from cruel and unusual punishment by Defendant Attorney Frederick Baer Goldsmith, Esq. - in the State Courts.

Plaintiff respectfully and deferentially requests this Wise District Court takes judicial notice of Defendant Attorney Frederick Baer Goldsmith, Esq.'s maliciously wanton and egregiously perverted vexatious intent by knowingly falsely proceeding with an incompetency hearing against his own Mother: a necessary concomitant of such a horrific judicial determination in the State Courts, being to necessarily – and conveniently, <u>impeach</u> the *competency* of Defendant Attorney Frederick Baer Goldsmith, Esq.'s Mother as a material witness in the Civil Rights Action now instantly *sub judice* in this Federal District Court.

This respectfully requested extension of time is expressly not meant in any manner for improper delay of *this* proceeding; particularly as Plaintiff *pro se* is the Petitioner – movant. Nor is Petitioner acting contumaciously or in bad faith.

Plaintiff *pro se* has previously recently notified this Court, *inter alia*, via pleadings and at the Telephonic Status Conference, that he is still suffering from health issues, including anxiety and emotional anguish, resulting from this Court's denial of the 4/7/17 Emergency Motion to prevent the sale of the entire contents of his and his Mother's residence; as well as a lingering temporary illness, resulting from recovery of a severe upper respiratory cold and influenza; which previously made it difficult to travel to and from the library to daily monitor the docket; and to research, prepare and electronically file *any* Court documents – regretfully including, *pro tem*, the requested Notice of location for the ridiculously miniscule return of Plaintiff's "inventoried" property; which lapse this Plaintiff regrets – and to the extent possible will immediately rectify.

Moreover, as this Court is intimately well aware, Defendants Attorney Frederick Baer Goldsmith, Esq., as well as very likely, his co-defendant, co-conspirator and co-tortfeasor – and disclosed/authorized agent, and legal client, Norma Peters – are, still, presently in (adverse) possession of Plaintiff's property: pertinently, and only *inter alia,* including, but in no way limited to his computers, modems, printers, digital back-up hard drives and flash-memory devices; case-critical Court transcripts, exhibits, cellular telephone serial numbers and original telephone equipment packaging, proprietary legal

research and the inchoate instant Complaint draft prepared prior to 4/1/16, and now at bar.

Consequently, being unable to daily monitor the docket, neither in person, nor electronically, due to Defendant Attorney Frederick Baer Goldsmith, Esq. [in criminal conspiracy with Malcolm "Smitty" Goldsmith] having stolen Plaintiff's laptop computer: Plaintiff *pro se* regretfully did not timely even also discover the recent 6/14/17 Order of Court: apparently Plaintiff's email account which can provide this Court's CM/ECF notifications, is *exclusively* linked to the portable laptop computer stolen by Defendant Attorney Frederick Baer Goldsmith, Esq. on 4/1/16 during another false arrest and imprisonment pursuant to another conspiratorial 302 Warrant pursuant to the Pennsylvania Mental Health Procedures Act, "MHPA" 50 P.S. § 7101 *et seq.*; and remains a critical component of the theft, pillaging and looting within Defendant Attorney Frederick Baer Goldsmith, Esq.'s sinister scheme, as stated *supra*, to spoliate any and all evidence, business records, court transcripts, proprietary legal research and records; which records, as of this writing, remain exclusively in the possession of Defendant Attorney Frederick Baer Goldsmith, Esq. – supposedly situate within his garage / war-rooms / repository / residence at his at 5415 Aylesboro Avenue, Ward 14, in the City of Pittsburgh, and his law offices / false-filing factory / stolen-property vault, situate on the 5th floor and sequestered throughout the premises of 247 Ft. Pitt Boulevard in the downtown business district, Ward 1 of Pittsburgh, Commonwealth of Pennsylvania, within this Western District. This case-critical component of Defendant Attorney

Frederick Baer Goldsmith, Esq.'s continuing course of conduct, pertaining to evidentiary and other property – consistent with his regular illegal litigation / "business" practices and tactics, is now also pending before this Honorable Court; and will be subsequently addressed in an immediately subsequent requested filing by this Plaintiff, *pro per.*

Very deferentially, it is firmly believed that a meritorious Civil Rights Complaint such as this matter now at bar, need not be treated in an overly expedient manner – especially in light of the numerous defendants, law firms, manifold counsels-of-record, and assorted paralegals amassed as an armada of adversaries against this sole *pro se* Plaintiff.

Justice unnecessarily and hastily extemporized is Justice denied.

Defendant, and his authorized and disclosed agent and Co-Defendant Norma Peters, to whom her principal, apparently on the advice and counsel of her putative Principal and Attorney in fact, Frederick Baer Goldsmith, Esq.; has not attempted to file any answer, nor even any acknowledgement in any manner to Plaintiff's Civil Rights Complaint filed August 27, 2016.

In further fact, upon belief, and therefore it is so averred: Defendant Attorney Frederick Baer Goldsmith, Esq. intentionally conspired with his brother Malcolm "Smitty"

Goldsmith, again utilizing state actors, to illegally remove this Plaintiff (and his Mother) from his/her residence on 4/1/16 - for the specifically *premediated* purpose of outrageously spoliating and pillaging his property – and to intentionally and purposely prevent Plaintiff's even filing this Civil Rights Action, now instantly *sub judice*.

As per this Court's Standing Orders on Motions Practice, in addition to previously proactively and prospectively alerting the Court of expected delay of filing due to Defendant Attorney Frederick Baer Goldsmith, Esq.'s contumacious conduct and bad faith; Plaintiff *pro se* has respectfully and successfully contacted City of Pittsburgh Assistant Solicitor and Opposing Counsel of Record Matthew S. McHale, Esq., and has received his consent to this Motion.

Defendant Norma Peters, upon the counsel and advice of her Co-Defendant, principal, co-conspirator, and apparent Attorney in Fact Frederick Baer Goldsmith, Esq., has patently ignored any response whatsoever of this Complaint sent her in November, 2016 .  Defendant Attorney Frederick Baer Goldsmith, Esq., moreover; in a petulant act of defiance – and clearly implied disrespect to this and all Courts - has *literally* given exclusive possession of the keys to Plaintiff's (and Plaintiff's Mother's) residence to his Co-defendant Norma Peters.

Plaintiff has been unable to contact replacement Counsel for Defendant [now Sergeant] Togyer.

Counsels for Defendant Attorney Frederick Baer Goldsmith, Esq., Sean O'Connell and Joshua Guthridge consistently refuse to ever speak to Plaintiff at any time, including refusing to discuss this Honorable Court's prior ADR Order.

Plaintiff has respectfully previously proactively, prospectively, timely - and appreciatively advised this Honorable Court of the necessity and his intention to file this instant Motion for an Enlargement of time to file his Amended Complaint.

In fairness to all Defendants, Plaintiff respectfully requests that this Court also allows up to a commensurate sixty (60) days' time from date of service of Complaint for their individual Answers to Plaintiff's Amended Complaint.

Directly due to Defendant Attorney Frederick Baer Goldsmith, Esq.'s vexatious, egregious, retaliatory and obstructive collateral contemporaneous conduct in the state courts [in this instance, in the Civil Division], Plaintiff's bank account has been frozen; thereby Plaintiff, *pro se* is presently unable to pay the fee to obtain the transcript of the 4/7/17 Emergency Telephonic Hearing upon Motion – or any transcripts in any [state] Court; which transcripts Plaintiff believes contains material impeachable testimony therein by Officer of the State Court and of this Federal District Court - Defendant Attorney Frederick Baer Goldsmith, Esq.  Similarly, Plaintiff *pro per* is still unable to presently pay the Court filing fee for a separate pending Civil Rights Complaint which also names as lynchpin Defendant Attorney Frederick Baer Goldsmith, Esq.

Given Defendant Attorney Frederick Baer Goldsmith, Esq.'s constant and continuing harassing torrent of retributory and abusive malicious prosecutions either against this Plaintiff - or his own 87 year old Mother [who paid for all his educational needs, including all his attendant expenses for his law school] – and such invidious course of conduct now essentially persisting as an insidious infestation by rogue Defendant Attorney Frederick Baer Goldsmith, Esq.'s craven, maniacal, vexatious abusive and malicious prosecutions extruding into each and every division of the Allegheny County Courts of Common Pleas and the Fifth Judicial District of the Commonwealth of Pennsylvania: clearly there exists clear and convincing grounds for the inclusion of a retaliation count in Plaintiff's Amended Complaint.

Plaintiff asserts that his substantive Constitutional rights [under 42 U.S.C. § 1981] are being infringed upon by the retaliatory conduct of Defendant Attorney Frederick Baer Goldsmith, Esq. [and possibly with the knowing participation of his attorneys at Robb Leonard Mulvihill LLP].

This *pro se* Petitioner respectfully and deferentially posits that he has raised and demonstrated a substantial and substantive credible "showing of cause" for a [further] enlargement of time due to Defendant Attorney Frederick Baer Goldsmith, Esq.'s despicable collateral State Court proceedings. Please which see: *Lujan v. National Wildlife Federation*, 497 US 871, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) at 897.

In the alternative, should this Honorable and Learned Court, in its own wisdom, choose to view this Petition through the prism of an excusable neglect analysis; this Petitioner humbly believes, considering Defendant Attorney Frederick Baer Goldsmith, Esq.'s willful and deliberate contumacious conduct in the first instance; Plaintiff's absolute absence of any "flagrant bad faith", and manifest lack of any intentional "*callous* disregard" for deadlines, in the second instance; the meritorious Complaint - and for the reasons elucidated above: he has met his burden hereto; [please which see: e.g., *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976) at 643, 49 L. Ed. 2d 747, 96 S. Ct. 2778 at 2781; *Poulis v. State Farm Fire and Cas. Co.*, 747 F. 2d 863 (3d Cir.1984).

Plaintiff *pro per* also asserts, deferentially and respectfully, valid prospective and arguably sustainable material exceptions to this Learned Court's dispositive conclusions in its Order of 5/12/17; as well as numerous material misstatements of facts in Defendants' various F.R.C.P. 12(b)(6) Motions to Dismiss.  Plaintiff *pro se*, with particularity, again asserts the indisputable, inescapable and unassailable kingpin position of Defendant Attorney Frederick Baer Goldsmith, Esq., as the *ad seriatim* arch-architect of his evil conspiracy to both knowingly and purposefully suborn perjury, and to collude with state actors to deprive this Plaintiff of his bedrock Constitutional guarantees and his inviolate Civil Rights.

Denying this dispositive Motion for an extension would effectively lead to the contemporaneous and spontaneous fatal extinguishment of <u>all</u> of Plaintiff *pro per's prima facie* and meritorious Civil Rights claims.

Both the public interest is furthered, and Public policy promoted by permitting Plaintiff *pro se* the necessary requested and absolutely required minimal time interval in which to properly prepare and to adhere to the heightened pleading requirements of this case-critical Amended Complaint, especially given the contingent complex contours of this Court's Order, which, appreciatively, allows opportunity for a responsive Amended Complaint - and particularly before this precise and Learned District Court.

**WHEREFORE,** Plaintiff / Petitioner / Movant *pro se,* in good faith, and for good cause, very respectfully requests, and for all the reasons and good causes as set forth, *supra*: a necessary sixty (60) - day enlargement of time within which to file the Court Ordered, and potentially dispositive Amended Complaint – if not *perfectly* prepared - pursuant to F.R.C.P. 6(b)(1); as well as the previously Ordered additional time for service of same.

VERY RESPECTFULLY SUBMITTED:

/s/ Kenneth Goldsmith.
_____
Movant / Petitioner / Plaintiff, in *propria persona*.

7/3/2017.