IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH GOLDSMITH,

        Plaintiff,

v.

FREDERICK BAER GOLDSMITH, et al..,

        Defendants.

No. 2:16-cv-01362-MRH

**Judge Mark R. Hornak**

*Electronically Filed*

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FREDERICK BAER GOLDSMITH'S MOTION FOR <u>SANCTIONS FOR ABUSIVE LITIGATION PRACTICES</u>

Defendant, Frederick Baer Goldsmith ("Defendant Goldsmith"), files this Memorandum of Law in support of his Motion for Sanctions for Abusive Litigation Practices.

**I.    FACTUAL BACKGROUND**

    ***A.    The Procedural History of this Case***

Plaintiff Kenneth Goldsmith ("KG") commenced this action on August 29, 2016, by filing a Complaint against Defendant Goldsmith, the City of Pittsburgh police officer Sergeant James A. Togyer, the City of Pittsburgh Department of Public Safety, and Norma Peters. (Compl., CM/ECF Doc. No. 1). In the Complaint, KG purported to allege five causes of action against Defendant Goldsmith, Count I (42 U.S.C. § 1983 - Violation of Plaintiff's First, Fourth, Fifth and Fourteenth Amendments); Count II (Malicious Prosecution); Count III (False arrest, False imprisonment, Illegal detention); Count V (Civil Conspiracy); Count VI (State Law Claim – Intentional Infliction of Emotional Distress). *Id.*

On January 27, 2017, Defendant Goldsmith filled a Motion to Dismiss and asked this Court to (1) dismiss KG's Complaint for lack of service and lack of personal jurisdiction over Goldsmith; (2) dismiss KG's Complaint for failure to state a claim upon which relief can be granted; (3) dismiss KG's Complaint as time barred by the applicable statute of limitations; (4) dismiss KG's Complaint for failing to comply with the Federal Rules of Civil Procedure; (5) strike portions of KG's Complaint for inclusion of redundant, immaterial, impertinent, or scandalous matter; (6) strike KG's request for judicial notice and special relief; and (7) strike KG's praecipes for *lis pendens*.

On May 12, 2017, this Court entered an Order, granting Defendant Goldsmith's Motion to Dismiss. (CM/ECF Doc. No. No. 48). Counts I, II, III, V, and VI were dismissed without prejudice for failure to properly serve process in accordance with Fed. R. Civ. P. 4. *Id.* at ¶ 1. The Order further provided that Counts I, IV, and V were dismissed **with prejudice** as time-barred by the two-year statute of limitations. To the extent that those counts alleged conduct pertaining to the malicious prosecution claim those allegations merged with Count II. *Id.* at ¶ 3. The Court dismissed **with prejudice** Count III to the extent it arose out of allegations that occurred prior to the two-year statute of limitations. Again, if any allegations survived, they merged with Count II. (*Id.* at ¶ 4). The Court dismissed **with prejudice** Count VI as time barred. *Id.*

The Court's May 12, 2017, Order further dismissed KG's Complaint against Defendant Goldsmith in its entirety and gave KG until May 26, 2017, to file an Amended Complaint. KG filed a Motion for Extension of time on May 26, 2017, asking the Court for enlargement of time to file the Amended Complaint. The Motion was immediately granted by the Court giving KG until June 26, 2017, to file the Amended Complaint. (CM/ECF Doc. No. 51). KG took no action

before June 26, 2017, thereby rendering his entire case dismissed with prejudice per the wording of the Court's May 12, 2017, Order. (CM/ECF Doc. No. 48). Despite the fact his Complaint had been effectively dismissed **with prejudice,** on July 5, 2017, KG filed another Motion for Extension of Time (CM/ECF Doc. No. 54), which was granted by the Court the same day affording KG another week, until July 12, 2017, to file an Amended Complaint. (CM/ECF Doc. No. 55). In the Court's July 12, 2017, Order, the Court recognized that KG's filings have been inflammatory, scandalous, and a waste of time of the Court and the other parties. *Id.* The full text of the order was as follows:

> ORDER granting in part and denying in part 54 Motion for Extension of Time to Amend. The Court has examined the Motion for Extension of Time filed by Plaintiff. It is in large part a broadside attack on members of the Plaintiff's family about matters pending or formerly pending in other courts and outside of the scope of this litigation, and a recitation of the Plaintiff's assessment of the status of a proceeding now pending in the Orphan's Court Division of the Court of Common Pleas of Allegheny County, Pennsylvania. This Court's Order of May 12, 2017 48 is hereby amended to permit the Plaintiff's filing of any Amended Complaint on or before July 12, 2017. In all other respects, that Order stands. Further, **the Plaintiff is expressly cautioned that further filings of the same ilk as 54 may be stricken by the Court without further notice as being inflammatory, scandalous and a waste of time of this Court and the other parties.** Further, the Court advises the Plaintiff that based on the filings on the docket, in particular 49 , 52 , the Plaintiff has had plenty of time to crank out this Motion and other papers in a similar vein, but has yet to advise counsel for Defendant Frederick Goldsmith of the means by which the Plaintiff will retrieve the items he so vigorously tells the Court he wants delivered up to him from the sale conducted at his mother's house. Enough is enough. Plaintiff shall advise attorney Guthridge, in a writing received by Mr. Guthridge on or before July 10, 2017, of the specific location to which such items are to be delivered. Should Mr. Guthridge not receive such written direction from the Plaintiff on or before that date, he may proceed to dispose of such items on or after July 12, 2017 as he sees fit unencumbered by any Order of this Court and unless otherwise prohibited by law or order of another court from doing so. Signed by Judge Mark R. Hornak on 07/05/2017.

*Id*) (emphasis added). On July 11, 2017, KG filed a Motion for Reconsideration (CM/ECF Doc. No. 58) which was granted by the Court the same day and afforded KG a "<u>final</u> brief enlargement of time within which to file the Amended Complaint, on or before July 21, 2017." (CM/ECF Doc. No. 59) (emphasis in original). On July 21, 2017, KG filed a Motion for Reconsideration of Filing Date for Amended Complaint. (CM/ECF Doc. No. 68.) Despite the Court's Order, which indicated the extension of time was "final," the Court granted KG another extension until July 24, 2017 at 4:00 p.m. to file an Amended Complaint. (CM/ECF Doc. No. 69). At exactly 4:00 p.m. KG filed an Amended Complaint.[1] (CM/ECF Doc. No. 70). This Amended Complaint has not been served on Defendant Goldsmith pursuant to Rule 4 as required by this Court's Order dated May 12, 2017. (CM/ECF Doc. No. 48).

In the Amended Complaint, KG averred six causes action against Defendant Goldsmith as follows: Count I – Violation of Plaintiff's First, Fourth, Fifth, and Fourteenth Amendment Rights; Count II – Malicious Prosecution; Count III – False Arrest, False Imprisonment, and Illegal Detention; Count V – Civil Conspiracy; Count VI – Intentional Infliction of Emotional Distress; Count VII – Negligent Infliction of Emotional Distress; and Count VIII – Assault and Battery. Notably, Counts I-VI were nearly identical to the claims in KG's original Complaint, which this Court had previously dismissed. KG further improperly "incorporated" a Complaint previously pending in this court under another docket number, which complaint the Court had dismissed on May 10, 2017. That case was not filed against the same list of defendants that KG sued in this matter and was also never served on Defendant Goldsmith. The allegations in the

---

[1] Of note, the Amended Complaint was filed against a different set of Defendants than the original Complaint. Frederick Baer Goldsmith, Sergeant James A. Togyer, Lieutenant Matthew Lockner, Detective Krista Hoebel, Sergeant Brian Elledge, City of Pittsburgh and Norma Peters. To Defendant Goldsmith's knowledge, the new defendants have also never been served.

{R0733311.1}    4

dismissed Complaint were not previously pled in this case. Moreover, the Court had previously dismissed with prejudice Counts I, III, IV, V, and VI against all Defendants as barred by the statute of limitations. Nevertheless, KG ignored this Court's Order and refiled those previously dismissed counts. Finally, KG added two new state law claims against Goldsmith: Count VII – Negligent Infliction of Emotional Distress and Count VIII - Assault and Battery. These two new causes of action are based on conduct that allegedly occurred in March, 2017 and were clearly and facially time-barred.

Although KG never formally served the Amended Complaint as the Court Ordered, Defendant Goldsmith complied with this Court's May 12, 2017, Order and filed a Motion to Dismiss and supporting memorandum within 14 days of receiving the Amended Complaint. (ECF Nos. 79 & 80). More than three months have elapsed and KG has not responded to the Motion to Dismiss as required by the Federal Rules of Civil Procedure. Rather, KG has instead filed miscellaneous "exhibits" on the docket under inflammatory and scandalous titles including the following:

- 81. Prior U.S.C. 1983 Civil Rights Complaint 10/2016. in Support of 70 Amended Complaint by KENNETH GOLDSMITH
- 83. Plaintiff pro se's U.S.C. 1983 Civil Rights Complaint Timely Filed on 3/17/17 Describing and Naming Kingpin Defendant Attorney Frederick Baer Goldsmith, Esq.'s Prior Bad Acts Completely Consistent With, and Dispositive of Continuing Violations and Continuing Torts.Contained Within Amended Complaint filed 7/24/17. in Support of 70 Amended Complaint by KENNETH GOLDSMITH.
- 85. Allegheny County Petition for Involuntary Emergency Evaluation and Treatment Exemplar, Pursuant to PA Mental Health Procedures Act, Sec. 7302; Falsely Filled-out in Kingpin Defendant Attorney Frederick Baer Goldsmith's Own Hand - and Facially Providing for Criminal Prosecution for False Statements; Perfectly Dispositive of Defendant Goldsmith's Prior Bad Acts and His Continuing Course of Conduct, Continuing Violations, and Continuing Torts.

> Plaintiff pro se's Copy of this Executed Form By Defendant Attorney Frederick Goldsmith has been Purposely and Knowingly Spoliated by Defendant Goldsmith and his Counsels of Record, and is Believed to be Either Willfully Destroyed - or is Presently Exclusively in Their Possession.
> 
> - 89. Defendant Attorney Frederick Baer Goldsmith, Esq.'s Extortionary & Threatening Letter, in collusion with Opposing Counsels Joshua R. Guthridge Esq. and R. Sean O'Connell Esq. - perfectly probative of his pervasive and continuing course of conduct to purposely financially bleed-out Plaintiff pro se, and thereby to obstruct Plaintiff's ability to properly present this instant 42 U.S.C. 1983 Civil Rights Complaint - in light of, and to inescapably invoke Defendant Attorney Frederick Baer Goldsmith's Continuing Course of Conduct, Continuing Violations and Continuing Torts; in Support of 70 Amended Complaint by KENNETH GOLDSMITH.
> - 90. Defendant Attorney Frederick Baer Goldsmith Esq.'s Extortionary and Harassing Bad Faith Threatening F.R.C.P. 11 Sanctions Motion, Responsive to Plaintiff's Good Faith Material and Dispositive Exhibit of Defendant Attorney Frederick B. Goldsmith, Esq's.'s Perfidious Prior and Continuing Bad Acts, Continuing Violations and Continuing Tortious Conduct - and Dispositive of Barratry by Opposing Counsels Joshua Guthridge, Esq., R. Sean O'Connell, Esq., and Robb Leonard Mulvihill LLC. in Support of 70 Amended Complaint by KENNETH GOLDSMITH.

(See ECF Nos. 81, 83, 85, 89, 90).

The "exhibits" KG filed do not relate to this case in any way. This is not the first time KG has cluttered the docket with filings that are entirely unrelated to his claims. (*See e.g.* ECF Nos. 5, 6, 33). On September 19, 2017, Defendant Goldsmith filed a Motion for Sanctions against KG for improperly filing the "exhibits," which do not relate to the Amended Complaint. (ECF Doc. 91). On September 20, 2017, the Court ordered KG to file a response to the Motion for Sanctions by October 4, 2017. (CM/ECF Doc. No. 92). In yet another direct violation of this Court's orders, KG has never filed a response.

Defendant Goldsmith has been required to defend his rights against multiple meritless claims filed by KG at both great emotional, temporal, and financial expense. KG has failed to

prosecute this case in violations of this Court's repeated orders and the Federal Rules of Civil Procedure. KG has failed to file a Complaint that complies with this Court's orders and the Federal Rules of Civil Procedure. He has failed to effectuate service of either Complaint. When his initial Complaint was dismissed, he failed to follow this Court's order concerning his filing of an Amended Complaint. KG has also failed to respond to Defendant Goldsmith's Motion to Dismiss and Motion for Sanctions. KG has continuously cluttered the docket in this case with filings that are irrelevant, unrelated to his alleged claims, scandalous, and impertinent. KG's actions and frivolous filings have wasted the parties' and their counsel's time and money and have needlessly wasted the valuable resources of this Court. The cost to defend Defendant Goldsmith in this meritless case, so far, has been in excess of $20,000 and Defendant Goldsmith himself has been forced to expend many hours consulting with his attorneys.

### B.   *KG's Frivolous Litigation Conduct in Other Cases*

This case is not the only one in which KG has engaged in the very same practices as outlined above. KG is not a typical *pro se* litigant. He has litigated *pro se* over the past decade numerous lawsuits in this Commonwealth in both the federal and state courts, and he is familiar with the rules of the courts. A brief review of the online dockets for the U.S. District Court for the Western District of Pennsylvania and the Court of Common Pleas of Allegheny County reveals KG has filed the following cases:

> *Goldsmith v. Levanas*, GD-05-007883 (Al. Cty.);
> *Goldsmith v. Goldsmith*, GD-05-008501 (Al. Cty.);
> *Goldsmith v. Goldsmith,* GD-06-20513 (Al. Cty.);
> *Goldsmith v. Allen et al.*, GD-06-000907 (Al. Cty.);
> *Goldsmith v. Goldsmith,* GD-10-003837 (Al. Cty.);
> *Goldsmith v. Cohen et al.*, GD-10-005342 (Al. Cty.);
> *In Re: Kenneth D. Goldsmith*, 10-28369-JAD (Bankr. W.D. Pa.);
> *Goldsmith v. Lucey*, LT-11-000933 (Al. Cty.);
> *Goldsmith v. Trends Capital, LLC,* 2:11-cv-00747 JFC (W.D. Pa.);
> *Goldsmith v. Sprint PCS Inc.*, GD-12-018252 (Al. Cty.);
> *In Re: Ken Goldsmith*, 12-21157-JAD (Bankr. W.D. Pa.);

>*Goldsmith v. Lampenfield Lucey, et al.*, 2:12-cv-00684-MRH (W.D. Pa.);
>*Goldsmith v. Fidelity Bank*, 2:12-cv-00589-MRH (W.D. Pa.);
>*Goldsmith v. River House Antiques*, 2:12-cv-01315-MRH (W.D. Pa.);
>*Goldsmith v. River House Antiques* GD-12-014601 (Al. Cty.);
>*Goldsmith v. Winnecour*, 2:12-cv-00517-MRH (W.D. Pa.);
>*Goldsmith v. Constantine et al.*, GD-13-003170 (W.D. Pa.);
>*Goldsmith v. CBS TV Broadcasting, Pittsburgh, Inc, et al.*, 2:13-cv-00478-MRH (W.D. Pa.);
>*Goldsmith v. CBS Pittsburgh, Inc. et al.*, GD-13-005666 (Al. Cty.);
>*Goldsmith v. J.J. Land Co., Inc., et al.*, 2:14-cv-00789 (W.D. Pa.);
>*Goldsmith v. J.J. Land Co., Inc., et al.*, GD-14—010622 (Al. Cty.);
>*Godsmith v. Peters, et al.*, GD-16-016362 (Al. Cty.);
>*Goldsmith v. Goldsmith*, 2:17-cv-00389-MRH (W.D. Pa.).

Your Honor alone has heard six previous cases filed by KG.[2]

As this Court is well aware, KG filed in 2017 another action in this Court against Defendant Goldsmith. See *Goldsmith v. Goldsmith*, 2:17-cv-00389-MRH (W.D. Pa.) (the "2017 Litigation"). Much like this case, KG failed to serve any of the Defendants in the 2017 Litigation. Moreover, he failed to pay the filing fee for that case. On March 29, 2017, Judge Bissoon ordered KG to pay the filing fee or to move to proceed *in forma pauperis*. (CM/ECF Doc. No. 2, the 2017 Litigation). KG failed to take any action, causing this Court to dismiss his Complaint on May 10, 2017. (CM/ECF Doc. No. 6, the 2017 litigation). KG has taken no action in the 2017 litigation since his Complaint was dismissed and the docket lists the case as "terminated."

The 2017 litigation is only an example of the endless string of meritless cases filed by KG. Indeed, other courts in Pennsylvania have recognized that KG's filings have lacked merit. See e.g. *In Re: Kenneth D. Goldsmith*, 10-28369-JAD, CM/ECF Doc. No. 74 (Bankr. W.D. Pa.) (J. Deller), **Exhibit A**, ("The Court finds that the Motion is without merit because the relief

---

[2] See 2:12-cv-00517-MRH, 2:12-cv-00684-MRH, 2:12-cv-01315-MRH, 2:13-cv-00478-MRH, 2:14-cv-00789-MRH, and 2:16-cv-01362-MRH

{R0733311.1 }   8

requested by the Debtor is barred by res judicata and collateral estoppel"); *In Re: Ken Goldsmith*, 12-21157-JAD, CM/ECF Doc. No. 182 (Bankr. W.D. Pa.) (J. Deller), **Exhibit B,** (finding that KG's Motion lacked merit because his bankruptcy case had been dismissed). On July 31, 2014, Judge O'Reilly of the Court of Common Pleas of Allegheny County has issued sanctions against KG for violating a settlement agreement and accosting Defendant Goldsmith in public places. *Goldsmith v. Goldsmith*, GD-06-20513 (Al. Cty.) (J. O'Reilly), **Exhibit C.** These are only a few examples of the manner in which KG has abused the judicial system in Pennsylvania.

KG has exhibited a constant pattern of filing unfounded, frivolous, inflammatory, long-winded, and defamatory complaints and other filings. He has used the Court system as a platform to harass numerous parties, including Defendant Goldsmith. KG has frivolously and maliciously wasted the time, money, and resources of these parties, their counsel, and this Court. This Court should not permit this abuse of the judicial system to continue any longer.

## II. DISCUSSION

The within Motion is filed pursuant to the inherent power of this Court to levy sanctions in response to abusive litigation practices. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). While the general rule in federal courts is a litigant cannot recover his counsel fees, *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975), this rule does not apply when the opposing party has acted in bad faith. In *Alyeska*, the Court acknowledged the "inherent power" of courts to "assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the [party]'". *Id.* at 258. (internal citations omitted). The bad-faith exception for the award of attorney's fees is not restricted to cases where the action is filed in bad faith. "'[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 15 (1973); *see also Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1088 (2d. 1977). This view coincides

with *Link v. Wabash R. Co.*, 370 U.S. 626 (1962), in which the Supreme Court found judicial power to dismiss a case not because the substantive claim was without merit, but because the plaintiff failed to pursue the litigation. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752 (1980).

Every paper filed with the Clerk of Court, no matter how repetitious or frivolous, requires some portion of the Court's limited resources. "A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam). The Court of Appeals for the Third Circuit "has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the Court." *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (*citing Gagliardi v. McWilliams*, 834 F.2d 81 (3d Cir. 1987); *In re Oliver*, 682 F.2d 443 (3d Cir. 1982)); *Frederick Banks v. Pope Francis*, 2015 WL 8207532, *4 (W.D. Pa. Dec. 8, 2015).

District Courts may issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the Court before filing further complaints. *Fessler v. Sauer*, 455 F. App'x 220, 224 (3d Cir. 2011). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990); *Benson v. Nevada, No.*, 2:17-CV-00447 RFBNJK, 2017 WL 4776760, at *3 (D. Nev. Oct. 23, 2017). Courts have considered pre-filing bar orders appropriate against vexatious litigants with "abusive and lengthy histories of litigation." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

This Court has previously designated litigants as vexatious when they have engaged in harassing and vexatious filings similar to what KG has engaged in this case. *See Coulter v. Ramsden, No.*, CIV.A. 12-1050, 2012 WL 6592597, at *3 (W.D. Pa. Dec. 18, 2012); *Frederick Banks v. Pope Francis*, No. CV 15-1385, 2015 WL 8207532 (W.D. Pa. Dec. 8, 2015). In *Banks*, Judge Bissoon determined that Banks' claims were "either fantastical and/or delusional; procedurally flawed; substantively meritless; previously adjudicated, or all four." *Id.* at *4. As such, Banks was designated as a vexatious litigant and an Order was entered requiring him to seek leave of Court before filing any new lawsuit or petition for writ of mandamus. *Id.*

Similar to the Plaintiff in *Banks*, KG has repeatedly filed frivolous, duplicative, defective, and meritless lawsuits against Defendant Goldsmith and other parties. KG's other lawsuits have been repeatedly terminated for procedural issues or legally dismissed at an early stage. In this case, KG has failed to assert legally recognized claims and to litigate his lawsuit pursuant to the Court's orders and the Federal Rules of Civil Procedure. The Court dismissed KG's original Complaint for procedural and substantive flaws. KG responded by filing a 73 page Amended Complaint[3] containing more flaws than the original Complaint. When the Amended Complaint was challenged with a Motion to Dismiss, KG failed to respond in any meaningful manner. He has also failed to respond to Defendant Goldsmith's Motion for Sanctions or to take any other steps to advance this litigation.

There is no indication that KG intends to cease his meritless filings with this Court. Consideration of KG's countless repetitious, frivolous, and vexatious filings does not promote conservation of limited judicial resources nor does it promote the interests of justice. This Court should not tolerate KG's continuous initiation and needless elongation of frivolous, duplicative,

---

[3] Of note, the Amended Complaint was filed against a different list of Defendants than the original Complaint.

defective, harassing complaints, and related filings. As the Court stated in its July 5, 2017, Order, "[e]nough is enough." This Court should award sanctions to make Defendant Goldsmith whole for the attorney's fees he has needlessly incurred in defending this lawsuit. Of equal importance, this Court should designate KG a vexatious litigant and enter an Order precluding him from ever again filing a *pro se* lawsuit in this Court without first seeking and obtaining leave of Court and showing that his lawsuit has factual and legal merit and is not interposed for the purpose or harassment or other improper purposes.

## III. CONCLUSION

For all the reasons stated above, Defendant Frederick Goldsmith respectfully requests this Honorable Court grant this Motion for Sanctions and formally designate Plaintiff Kenneth Goldsmith a vexatious litigant.

                                      Respectfully Submitted,

                                      ROBB LEONARD MULVIHILL LLP

Date: 11/13/2017                           */s/ R. Sean O'Connell*
                                           R. Sean O'Connell, Esquire
                                           Joshua R. Guthridge, Esquire
                                           Robb Leonard Mulvihill LLP
                                           BNY Mellon Center
                                           500 Grant Street
                                           Suite 2300
                                           Pittsburgh, PA 15219
                                           412-281-5431
                                           Fax: 412-281-3711
                                           Email: jguthridge@rlmlawfirm.com
                                           Attorneys for Defendant Frederick Baer Goldsmith

## CERTIFICATE OF SERVICE

I, Joshua R. Guthridge, Esquire, attorney for Defendant Frederick Baer Goldsmith do hereby certify that on November 13, 2017, I caused a true and correct copy of the foregoing Memorandum of Law in support of his Motion for Sanctions for Abusive Litigation Practices to be filed via the Official Court Electronic Document Filing System, and that said document is therefore available for viewing and downloading from the ECF system. By virtue of this filing, service upon the following counsel, being Electronic Case Filing Users, is complete upon counsels' receipt of the Court's e-mail notification of the Notice of Electronic Filing addressed as follows:

>Kenneth Goldsmith
>903 Watson St.
>Pittsburgh, PA 15219
>Email: invasionofprivacy12@gmail.com
>
>Lourdes Sanchez Ridge
>Matthew S. McHale
>City of Pittsburgh Department of Law
>313 City-County Building
>414 Grant Street
>Pittsburgh, PA 15219
>(412) 255-2025
>Email: matthew.mchale@pittsburghpa.gov
>
>/s/ *Joshua R. Guthridge*
>Joshua R. Guthridge, Esquire