IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KENNETH GOLDSMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | Civ. A. No. 16-01362 |
| v. | ) | Chief District Judge Mark R. Hornak |
|  | ) |  |
| SERGEANT JAMES A. TOGYER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION

### I. INTRODUCTION

In this § 1983 action, pro se Plaintiff Kenneth Goldsmith ("KG") advances a malicious prosecution claim based on alleged deficiencies in Defendant James A. Togyer's ("Sergeant Togyer") investigation of a theft culminating in KG's arrest. (ECF No. 70, at 14–22.) Pending before the Court is Sergeant Togyer's Motion for Summary Judgment. (ECF No. 169.) Because the Court finds that probable cause existed to pursue a warrant for KG's arrest, Sergeant Togyer's motion is granted.

### II. FACTUAL & PROCEDURAL BACKGROUND[1]

On April 1, 2014, Sergeant Togyer responded to a call at Lillian Goldsmith's house to investigate the theft of her cell phone and car keys. (ECF No. 171 ¶¶ 1–2, 6.) Sergeant Togyer was familiar with this house because the contentious relationship between Lillian and her estranged son—KG—had resulted in numerous calls to which the police had responded in the past. (*Id.* ¶¶

---

[1] Sergeant Togyer's Concise Statement of Material Facts (ECF No. 171) is deemed admitted in its entirety—and forms the basis of the factual background—because KG failed to file a Concise Statement of Material Facts in Opposition. *See* Fed. R. Civ. P. 56(e)(2); W.D. Pa. Local Civ. R. 56(E).

4–5.) There was also an extant civil-no-contact order prohibiting KG from approaching within 300 feet of Lillian or her house. (*Id.* ¶¶ 8–9, 16.) Lillian told Sergeant Togyer that KG had been calling her landline from the missing cell phone throughout the night. (*Id.* ¶ 7; ECF No. 172-1, at 2.) Lillian's other son Frederick Goldsmith ("FG"), who was also present at the scene, told Sergeant Togyer that there were no signs of a forced entry. (ECF Nos. 171 ¶ 3; 172-1, at 2.) FG also informed Sergeant Togyer that when KG previously took Lillian's car key, the cost to replace it was approximately $500. (ECF No. 172-1, at 2.)

Sergeant Togyer filed a criminal complaint charging KG with criminal trespass,[2] theft by unlawful taking,[3] and harassment.[4] (ECF No. 171 ¶ 11.) The accompanying affidavit of probable cause reflected the information that Lillian and FG had provided to Sergeant Togyer. (ECF No. 172-2, at 5–7.) A magistrate approved the charges and KG was arrested pursuant to a warrant. (ECF No. 171 ¶¶ 12–13.) Sergeant Togyer's testimony at the preliminary hearing was consistent with his representations on the affidavit of probable cause. (*Id.* ¶ 17). Ultimately, a magistrate dismissed all three charges against KG because the prosecutor failed to establish a prima facie case. (*Id.* ¶ 15; ECF No. 172-3, at 33.)

Based upon the foregoing, on August 29, 2016, KG filed a pro se Complaint under 42 U.S.C. § 1983 against various Defendants. (ECF No. 1.) Defendants moved for dismissal and, upon instruction by the Court (ECF No. 48,) KG filed an Amended Complaint on July 24, 2017. (ECF No. 70.) Defendants then sought dismissal of the Amended Complaint and, in an order dated November 22, 2017, the Court explained that the malicious prosecution claim against Sergeant Togyer was the only viable claim in the Amended Complaint. (ECF No. 95 ¶ 18.) Sergeant Togyer

---

[2] 18 P.S. § 2709(a)(1)(i).
[3] 18 P.S. § 3921(a).
[4] 18 P.S. § 2709(a).

filed an Answer on January 22, 2018. (ECF No. 122.) On August 16, 2018, Sergeant Togyer filed a Motion for Summary Judgment, a Supporting Brief, a Concise Statement of Material Facts, and an Appendix which was supplemented with another document the next day. (ECF Nos. 169, 170, 171, 172, 173.) KG never responded.

## III. Legal Standard

A party is entitled to summary judgment if it can show that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine issue of material fact is one that 'affects the outcome of the suit under the governing law' and could lead a reasonable jury to return a verdict in favor of the nonmoving party." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Initially, the moving party bears the burden of demonstrating that the evidentiary record presents no genuine issue of material fact. *Willis*, 808 F.3d at 643. If it does so, the burden shifts to the nonmoving party to "identify facts in the record that would enable them to make a sufficient showing on essential elements of their case for which they have the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden . . . the court must enter summary judgment against the nonmoving party." *Willis*, 808 F.3d at 643. Inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV. Discussion

To state a viable § 1983 claim, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (quoting

3

*Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005)). Because there is no question that Sergeant Togyer acted under color of state law, the Court's analysis is limited to whether KG has asserted a constitutional violation.

In Count II of his Amended Complaint, KG asserts a Fourth Amendment malicious prosecution claim against Sergeant Togyer. (*See* ECF No. 70, at 40–41, 45, 47, 50–51.)[5] Sergeant Togyer has moved for summary judgment on two separate grounds, i.e., existence of probable cause or, in the alternative, entitlement to qualified immunity. (ECF No. 169 ¶¶ 5–6.) As explained below, because the Court agrees that probable cause existed to pursue a warrant for KG's arrest, it need not and does not address the qualified immunity argument.

It is well established that the absence of probable cause is an essential element of a malicious prosecution claim. *Geness v. Cox*, 902 F.3d 344, 355 (3d Cir. 2018). The Third Circuit Court of Appeals has further explained that:

> [w]here, as here, a probable cause finding was made by a neutral magistrate in connection with a warrant application, a plaintiff must establish "first, that the officer, with at least a reckless disregard for the truth, 'made false statements or omissions that create[d] a falsehood in applying for a warrant,'" and second, "that those assertions or omissions were 'material, or necessary, to the finding of probable cause.'" *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468–69 (3d Cir. 2016) (quoting *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000)). Omissions are made with reckless disregard only if an officer withholds a fact "in his ken" that any "reasonable person would have known . . . [is] the kind of thing the judge would wish to know," *id.* at 470 (quoting *Wilson*, 212 F.3d at 788) (internal quotation marks omitted) . . . .

*Id.* at 356–57.

Here, KG has not identified any false statement or omission that created a falsehood in the warrant application—i.e., the criminal complaint and the accompanying affidavit of probable

---

[5] This is the only claim remaining "open" in this case. (ECF No. 95, at 10.)

cause—submitted by Sergeant Togyer. Additionally, because KG never responded to the present motion, the Court reviewed the entire record but did not find any facts warranting disturbance of the probable cause finding made by a neutral magistrate in connection with Sergeant Togyer's warrant application. KG's Fourth Amendment malicious prosecution claim, therefore, necessarily fails.[6] And, because no constitutional right of KG was violated, the Court need not reach the issue of qualified immunity. *McGriff v. Marks*, No. 2:12-CV-00063, 2013 WL 1830948, at *15 (W.D. Pa. Apr. 30, 2013) (citing *Wilson v. Russo*, 212 F.3d 781, 792 (3d Cir. 2000)).

## V. CONCLUSION

Based upon the foregoing, the Court will grant Sergeant Togyer's Motion for Summary Judgment. An appropriate Order follows.

*[signature]*

Mark R. Hornak
Chief United States District Judge

Date: February 20, 2019

---

[6] In any event, the facts reported to Sergeant Togyer by Lillian Goldsmith and FG as set forth above gave him, and the state magistrate, probable cause to conclude that the charged crimes were committed, and committed by KG.

5